PALMYRA LISELLA, Respondent, *v.* SAM MARRANO, Appellant.

Second Department, April 5, 1948.

*David C. Gilberg* for appellant.

*Dante S. Alberi* for respondent.

LEWIS, P. J. The question presented on this appeal is whether a tenant may be evicted in order to give possession of the apartment to a superintendent, who is required by the landlord to maintain and service the building. The tenant contends that the proceeding is not authorized by paragraph (2) of subdivision (a) of section 209 of the Federal Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1899, subd. [a], par. [2]). The landlord, on the other hand, asserts that a tenant's removal for the purpose of installing a superintendent was permitted under the Federal statute preceding the present law; that the Congressional intent in enacting the 1947 statute was to lessen, rather than to strengthen, controls on evictions; and that the removal sought in the instant proceeding, therefore, came within the purview of the act currently in effect.

Section 209 of the Housing and Rent Act, insofar as it is applicable, provides:

" (a) No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless  *  *  *

" (2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations."

We are of the opinion that under the plain and accepted meaning of the statutory language, the quoted provision does not authorize the removal of a tenant for use of the dwelling space by a superintendent. It clearly prohibits an eviction except where the landlord seeks housing accommodations for his own personal use and occupancy. The statute does not warrant an extension of the right of removal to a case where possession is desired for an employee of the landlord. Use by a superintendent is not the landlord's "immediate and personal use and occupancy as housing accommodations."

The fact that evictions were permitted under the prior statute, the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*), where dwelling space was required for a superintendent, has no bearing on the question presented. Restrictions on removals were not set forth in that act, but were promulgated pursuant thereto in Rent Regulations for Housing issued by the Office of Price Administration. Proceedings to recover possession for superintendents were based upon paragraph (1) of subdivision (b) of section 6 of those regulations, which provided: "No tenant shall be removed or evicted on grounds other than those stated above unless, on petition of the landlord, the Administrator certifies that the landlord may pursue his remedies in accordance with the requirements of the local law. The Administrator shall so certify if the landlord establishes that removals or evictions of the character proposed are not inconsistent with the purposes of the Act or this regulation and would not be likely to result in the circumvention or evasion thereof."

The Housing and Rent Act of 1947, in contrast with the Emergency Price Control Act, specifically enumerates the instances in which evictions are authorized. Those grounds are found in paragraphs (1) to (5) of subdivision (a) of section 209 of the law. Unlike paragraph (1) of subdivision (b) of section 6 of the former rent regulations, those paragraphs contain no grant of discretionary power to permit evictions in cases other than those expressly specified. When the 1947 act was written, Congress presumably was aware of the administrative rulings under that section of the regulations, which had extended the landlord's right to remove a tenant where accommodations were sought for a superintendent. Despite such knowledge, it saw fit to omit any provision permitting evictions on grounds other than those explicitly enumerated. We may not, in the guise of judicial interpretation, remedy that omission by Congress, even if it be assumed that it was the legislative intent generally to lessen, rather than to increase, control over housing.

The instant proceeding, therefore, may not be maintained. We do not pass upon the landlord's right to recover possession in situations involving section 83 of the Multiple Dwelling Law, or where occupancy is sought for use by the landlord's relatives.

The order denying the defendant's motion to dismiss the petition should be reversed on the ·law, with $10 costs and disbursements, and the motion granted, with $10 costs.

CARSWELL, JOHNSTON, ADEL and WENZEL, JJ., concur.

Order of the City Court of Mount Vernon denying defendant's motion to dismiss the petition herein reversed on the law, with $10 costs and disbursements, and the motion granted, with $10 costs.