BETA NU CHAPTER, DELTA SIGMA THETA SORORITY,
INC. *v.* SMITH, ET AL.

[No. 17,934.   Filed January 24, 1950.   Rehearing denied
February 24, 1950.]

*Anderson, Hicks & Anderson,* of Gary, for appellant.

*Louis C. Holland,* of Gary, for appellees.

BOWEN, J.—This is an appeal from a judgment in an action in ejectment to recover possession and damages. The issues were submitted to the court without the intervention of a jury, and the court adjudged that the plaintiff take nothing by its complaint.

Error assigned for reversal is that the court erred in six separate conclusions of law and in overruling appellant's motion for a new trial, which motion for a new trial was based upon the ground that the decision and finding of the court was contrary to law. The amended complaint alleged that the appellant was the owner of and entitled to the possession of the south one-half of a second floor flat in Gary, Indiana, and that the appellees held possession without right.

The answer of the appellee alleged a lawful holding in substance and denied that appellees were trespassers. Additional paragraphs of answer alleged tender of rent by appellees and a payment of rent beyond the period set out in the notice to quit, and alleged that the notice to quit is insufficient and illegal and that the plaintiff is not entitled to maintain this action; that the appellees occupied the premises as a residence of housing accommodations under and by virtue of the Emergency Price Control Act of the United States Congress as superseded by the House and Rent Act of 1947, and amendments thereof in 1948, and that the appellant had not brought said action in good faith and for the purpose of occupying said premises as a housing accommodation.

The court rendered special findings of fact and conclusions of law upon the request of the parties and found that appellant was the owner of the premises described in the complaint; that the appellant demanded

possession of the premises in question in order that said premises might be occupied by one Hope Dennis; that Hope Dennis is a single woman who is a member of appellant's sorority and employed by a person not a party of this suit; that said Hope Dennis, if placed in possession would pay rent for use of said premises; that the defendants have tendered the full amount of rent due for said premises and that such rent has been paid into the court by appellees for the use and benefit of appellant, and that appellant should take nothing by its action. The court by its conclusions of law adjudged that the provisions of the Housing and Rent Act of 1947, as amended, applied to the relationship of the parties herein, and to the Housing Accommodations described in this cause of action; that under the provisions of said act as amended the appellant was not entitled to the possession of the premises; that the law is against the appellant on its complaint and with the appellees; that all due rent had been paid, and the amount of rent was ordered delivered to appellant upon its request.

The principal question presented in this appeal is whether the appellant was seeking in good faith to recover possession of the housing accommodations described for the immediate and personal use and occupancy as housing accommodations of members of its staff. The applicable provisions of the House and Rent Act is § 209 (a) (2) of the Housing and Rent Act of 1947, as amended, effective April 1, 1948, which provides as follows:

"No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues

to pay the rent to which the landlord is entitled unless . . . . the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations or for the immediate and personal use and occupancy as housing accommodations by a member or members of his immediate family, or in the case of a landlord which is an organization exempt from taxation under section 101 (6) of the Internal Revenue Code, for the immediate and personal use and occupancy as housing accommodations of members of its staff: . . . ."

There seems to be no question that under its Articles of Incorporation, appellant's sorority came within the provisions of Section 101 (6) of the Internal Revenue Code. There was evidence in the record from which the court below could have properly found the following facts: That appellant was attempting to vacate the premises in question to put in such premises a member of its sorority who would pay rent for such premises; that such member was one Hope Dennis who was a teacher at Roosevelt High School. One of appellant's witnesses, an officer of appellant corporation, testified that the sorority corporation wanted a member of the sorority to move into the property for a home. The same witness also testified that Hope Dennis, along with a Mrs. Wells and herself were to do some caretaking of the building, and there was some testimony that there is no difference between a staff officer or caretaker of appellant sorority. One of appellees testified that Hope Dennis and Mrs. Wells were not members of the staff of the sorority.

The real question is whether the undisputed evidence of the record compels the conclusion that the appellant sorority was in good faith seeking to secure possession of the premises in question for the immediate personal

use and occupancy as housing accommodations of members of its staff within the meaning of the foregoing § 209 (a) (2) of the Housing and Rent Act of 1947, as amended, effective April 1, 1948.

There is a dearth of legal interpretations of the meaning of the word "staff" used in the Act.

In the case before us, we do not find undisputed evidence that compels the conclusion that Hope Dennis was a member of the Staff of appellant sorority. We feel that the court below properly concluded that the reference to the said Hope Dennis as a caretaker and staff officer, using the terms synonymously and considered in connection with the admission that the sorority desired to secure a home for one of its members, and the fact that the said Hope Dennis was employed as a school teacher, amounted to a clear subterfuge to remove a tenant from the premises and give housing accommodations to a member of the sorority who was not a member of any staff of such sorority, and that the Housing and Rent Act contains no grant of discretionary power to permit evictions under such circumstances.

The word "Staff" connotes a body of assistants carrying out the will of a superior. The evidence in this record does not show the existence of any staff of appellant sorority, nor does it show any duties to be performed by Hope Dennis as a member of any staff of appellant sorority.

It has been held that the Housing and Rent Act of 1947, specifically enumerates the instances in which evictions are authorized, in paragraphs (1) to (5) of subdivision (a) of § 209 of the Law, and that such paragraphs contain no grant of discretionary power to permit evictions in cases other than those expressly specified, and that a landlord cannot remove a tenant for the purpose of installing an apart-

ment superintendent. *Lisella* v. *Marrano,* 273 App. Div. 405, 78 N. Y. S. 2d 76.

For the reasons given herein, the court did not err in its six separate conclusions of law and in overruling appellant's motion for a new trial, and the decision and finding of the trial court was not contrary to law. Judgment affirmed.

NOTE.—Reported in 89 N. E. 2d 722.